**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:05CV83-H**

| | |
|---|---|
| **AMERICAN MORTGAGE NETWORK, INC.,** ) </br> ) </br> **Plaintiff,** ) </br> ) </br> vs. ) </br> ) </br> **MICHAEL D. SHELTON and PAMELA A.** ) </br> **SHELTON,** ) </br> ) </br> **Defendants.** ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on J. Elliott Field, Esquire's "Motion to Quash a Subpoena" (document #14) filed September 29, 2005.

On September 23, 2005, the Plaintiff served Mr. Field, who formerly represented the Defendants Michael and Pamela Shelton, with a subpoena duces tecum compelling Mr. Fields to appear for his deposition on October 13, 2005, and to produce certain documents concerning the loan closing he performed for the Sheltons on December 16, 2004, and that is the subject matter of this lawsuit.

In his motion, Mr. Fields concedes that none of the documents that are responsive to the subpoena are subject to the attorney-client privilege, but alleges "upon information and belief" that the Plaintiff's proposed oral examination will require disclosure of privileged matters.

Because the deposition is presently scheduled for October 13, 2005, rather than await formal responses by the parties, chambers' staff has spoken telephonically with the parties' respective counsel, as well as with Mr. Field's counsel, Harold J. Bender.

Plaintiff's counsel has indicated that the oral examination will consist of questioning Mr.

Fields concerning the respective dates that his representation of the Defendants commenced and concluded, as well as the contents of his communications with the Plaintiff, but not the rationale behind those communications, his communications with his former clients, or any other privileged matters. The Defendants do not oppose Mr. Field being deposed concerning these nonprivileged matters.

Moreover, Mr. Bender has indicated that Mr. Field does not object to the Court ordering him to appear for his deposition within the scope the Plaintiff now proposes.

Accordingly, with the consent of the parties and Mr. Field, the Court will <u>grant in part</u> and <u>deny in part</u> Mr. Field's Motion to Quash and <u>order</u> him to appear for his deposition in accordance with the terms of the previously served subpoena, subject to the conditions set forth below.

**NOW THEREFORE, IT IS ORDERED**:

1. J. Elliott Field's "Motion to Quash a Subpoena" (document #14) is **GRANTED IN PART** and **DENIED IN PART**, that is, Mr. Field shall appear for his deposition on October 13, 2005, at the time and place noticed and shall make production of the documents requested in the subpoena duces tecum; provided, however, that the oral examination shall be limited in scope to nonprivileged matters, as discussed above.

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to Mr. Field.

**SO ORDERED**.

**Signed: September 30, 2005**

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge